UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALLEN MORRIS,

                            Plaintiff,

          -v.-                                               9:10-CV-0041
                                                           (LEK)(GHL)

SUPERINTENDENT RABSATT and NYS DEPARTMENT
OF CORRECTIONAL SERVICES,

                            Defendants.
_____

## DECISION AND ORDER

      Presently before the Court is Plaintiff Allen Morris' amended Complaint. Dkt. No. 9. Plaintiff submitted the amended Complaint in compliance with the Decision and Order of this Court filed on February 2, 2010. ("February Order") Dkt. No. 8. The February Order advised Plaintiff, *inter alia*, that he was to include allegations against the named Defendants so as to give Defendants fair notice of Plaintiff's claims against them and that he may not recover monetary damages against the NYS Department of Correctional Services. Id.

      Plaintiff has not included "NYS Department of Correctional Services" as a Defendant in the body of his amended Complaint. Accordingly, "NYS Department of Correctional Services" is dismissed as a Defendant in this action.[1] Plaintiff adds three new Defendants to his action -- namely "P. Barr, Correction Officer, Riverview Correctional Facility," "Mclear, Sergeant, Riverview Correctional Facility," and "J. Rupert, Correction Officer, Riverview Correctional Facility." The Clerk of the Court is directed to add these new Defendants to the docket of this action.

---

[1] While Plaintiff appears to list the NYS Department of Correctional Services as a Defendant in the caption of his amended Complaint, he does not include NYS Department of Correctional Services in the list of parties, nor does he include allegations of wrongdoing against the agency. See Dkt. No. 9. In any event, even if Plaintiff intended to include NYS Department of Correctional Services as a Defendant, the Court would still dismiss that entity as a Defendant because suits against DOCS for money damages are barred by the Eleventh Amendment. See, e.g., Denis v. N.Y.S. Dep't of Corr. Serv., No. 05 Civ 4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006).

In his amended Complaint, Plaintiff alleges, *inter alia*, that he was issued a false misbehavior report charging him with weapon possession but that he was "set up" by Defendants in retaliation for a "previous complaint against the superintendent of Cape Vincent Correctional Facility and Jefferson County Public Defender's Office." Dkt. No. 9, ¶ 6. Since Plaintiff's amended Complaint is in substantial compliance with the February Order, the Court shall direct service of the amended Complaint.[2]

**ACCORDINGLY**, it is hereby

**ORDERED** that "NYS Department of Correctional Services" is dismissed as a Defendant to this action; and it is further

**ORDERED** that the Clerk revise the docket to add "P. Barr, Correction Officer, Riverview Correctional Facility," "Mclear, Sergeant, Riverview Correctional Facility," and "J. Rupert, Correction Officer, Riverview Correctional Facility" as Defendants to this action; and it is further

**ORDERED** that the Clerk of the Court shall issue summonses and forward them, along with copies of the amended Complaint (Dkt. No. 9), to the United States Marshal for service upon the Defendants, together with a copy of this Decision and Order. The Clerk of the Court shall also forward a copy of the summons and amended Complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Decision and Order; and it is further

**ORDERED** that a formal response to Plaintiff's amended Complaint be filed by the Defendants or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure, subsequent to service of process on the Defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal

---

[2] The Court, of course, takes no position on the merits of any of Plaintiff's claims.

Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in Plaintiff's address; failure to so may result in dismissal of this action.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED** that the Clerk of the Court serve a copy of this Order on Plaintiff.

    **IT IS SO ORDERED.**

DATED:     April 09, 2010
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge