**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLEN MORRIS,**

                **Plaintiff,**

      **v.**                                    9:10-CV-0041
                                                          (MAD/TWD)

**CALVIN RABSATT, P. BARR, SGT. MCLEAR,**
**J. RUPERT,**

                **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

ALLEN MORRIS
87-A-3121
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034
*Plaintiff Pro Se*

HON. ERIC T. SCHNEIDERMAN                William J. McCarthy, Jr., Esq.
Attorney General for the State of New York
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

**ORDER**

      In this *pro se* action under 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), claims that defendants retaliated against him for making complaints against the Cape Vincent Correctional Facility and the Jefferson county Public Defender's Office. Defendants' moved for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 34). The motion was referred to United States Magistrate Judge George H. Lowe for a Report-Recommendation pursuant to 28

U.S.C. § 636(b)(1)(B) and Local Rule 72.3( c ).  Magistrate Judge Lowe issued a Report-Recommendation (Dkt. No. 45) recommending that defendants' motion be granted.[1]

Plaintiff filed specific objections to the Report-Recommendation. (Dkt. No. 49).  In view of the objections and pursuant to 28 U.S.C. § 636(b)(1), this Court conducts a *de novo* review of these issues.  The Court reviews the remaining portions of the Report-Recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y.) *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court adopts Magistrate Judge Lowe's summary of the record.  Plaintiff objects only to Magistrate Judge Lowe's conclusion that he failed to properly exhaust his administrative remedies.  Specifically, plaintiff argues, "[p]laintiff did in fact write to the Superintendent alleging harassment and an investigation was conducted by the Inspector General's Office".  Plaintiff has not provided any documentary evidence to support this conclusory assertion and merely cites to the allegations in his complaint.  The Court agrees with Judge Lowe's conclusions that plaintiff failed to exhaust his available administrative remedies.  When presented with a motion for summary judgment, plaintiff failed to offer any evidence - direct or circumstantial-supporting plaintiff's claim that he wrote to the Superintendent complaining of harassment or further, that an investigation was conducted.  Defendants have met their burden of proof on the motion and plaintiff has failed to produce any evidence that would create a triable issue of fact for a jury to find for plaintiff.  Accordingly, the Court finds that plaintiff has failed to

---

[1] Magistrate Judge Lowe retired from the bench effective February 9, 2012.  The matter was reassigned to Magistrate Judge Dancks on February 10, 2012.  The Clerk is directed to append Judge Lowe's Report-Recommendation to this decision, and familiarity is presumed. (Dkt. No. 33).

exhaust his administrative remedies and will not be allowed to continue with his suit. *White v. State of New York*, 2002 WL 31235713, at *3 (S.D.N.Y. 2002). Upon *de novo* review, the Court accepts and adopts the Report-Recommendation.

It is therefore

**ORDERED** that:

1. The Report-Recommendation (Dkt. No. 45) is hereby adopted in its entirety.

2. Defendants' motion for summary judgment (Dkt. No. 34) is granted.

2. The Clerk is directed to close the case and enter judgment accordingly.

3. The Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated: March 22, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge